
FILED
MAR 28 2018
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITES STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

MARGARET AMBER PHILLIPS-COOPER,

Petitioner,

v.   CRIMINAL ACTION NO. 4:15cr18

UNITED STATES OF AMERICA,

Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is *pro se* litigant Margaret Amber Phillips-Cooper's ("Petitioner") Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to Title 28, United States Code, Section 2255 ("2255 Motion"). Having thoroughly reviewed the motion and filings in this case, the Court finds that no hearing is necessary to address Petitioner's Motion. For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

This case involves two businesses, Blazin Herbs and Hampton Pipe and Tobacco, whose agents were charged with selling and distributing synthetic cannabinoids, namely an illicit substance commonly referred to as "spice." ECF No. 307. Petitioner was part-owner of Blazin Herbs and also served as general manager of Hampton Pipe and Tobacco, where she oversaw inventory, product supply, and the employees of the store who sold the product to customers. *Id.* A Grand Jury indicted Petitioner on September 8, 2015, and a Superseding Indictment was filed on February 10, 2016. ECF No. 205.

On July 14, 2016, Petitioner pled guilty to Count 20 of the Superseding Indictment, Use of a Communication Facility in violation of 21 U.S.C. § 843. ECF No. 306, 307. On November

21, 2016, the Court sentenced Petitioner to forty-eight (48) months imprisonment. ECF No. 575. Petitioner filed the instant Motion on March 24, 2017. ECF No. 712. The Court ordered the United States Attorney to respond to Petitioner's petition on April 5, 2017. ECF No. 721. Respondent filed a response to Petitioner's Motion on July 10, 2017. ECF No. 812. Petitioner filed a response to Respondent's response on August 24, 2017. ECF No. 832.

## II. STANDARD OF REVIEW

### A. Section 2255 Generally

When a petitioner in federal custody wishes to collaterally attack his sentence or conviction, the appropriate motion is a § 2255 Petition. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Section 2255 of Title 28 of the United States Code governs post-conviction relief for federal prisoners. It provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

In a proceeding to vacate a judgment of conviction, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* litigants are entitled to more liberal construction of their pleadings. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978) (providing that a *pro se* petitioner is entitled to have his petition construed liberally and is held to less stringent standards than an attorney drafting such a complaint).

When deciding a § 2255 motion, the court need not hold a hearing if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). Accordingly, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Ineffective assistance of counsel claims, however, should generally be raised in a collateral motion instead of on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

## III. DISCUSSION

Petitioner raises two grounds for relief. In Ground One, she alleges ineffective assistance of counsel due to a conflict of interest. ECF No. 712 at 5. In Ground Two, she alleges that she did not waive her Sixth Amendment right to conflict-free representation and because counsel was operating under a conflict of interest, her sentence should be automatically reversed. *Id.* at 22-23. Having thoroughly reviewed the motions and filings, the Court finds that a hearing is not necessary and will address each of Petitioner's arguments in turn.

### A. Ineffective Assistance Due to a Conflict of Interest

First, Petitioner generally alleges ineffective assistance of counsel due to a conflict of interest. ECF No. 712 at 5. Having reviewed the materials presented and the parties' arguments, the Court finds that Petitioner fails to prove her claim.

The Court finds that Petitioner fails to identify an actual conflict of interest in this case. As relating to Sixth Amendment claims of ineffective assistance of counsel, the standard for determining conflicts of interest differs from *Strickland* as prejudice is presumed if the defendant demonstrates that counsel "actively represented conflicting interests" and that "an actual conflict

3

of interest adversely affected his lawyer's performance." *Strickland v. Washington*, 466 U.S. 668, 692 (1984) (citing *Cuyler v. Sullivan*, 446 U.S. 345-50 (1980)). If a defendant can establish both elements, reversal is automatic. *Holloway v. Arkansas*, 435 U.S. 475 (1978). Typically, a conflict of interest arises in cases where the attorney is representing multiple defendants. *See generally Culyer v. Sullivan*, 446 U.S. 335 (1980); *Holloway*, 435 U.S. at 482. However, joint representation is not *per se* violative of constitutional guarantees of effective assistance of counsel. *Id.* In fact, the defendant may waive his right to the assistance of an attorney unhindered by a conflict of interest. *Id.* at 483 n.5 (citing *Glasser v. United States*, 315 U.S. 60, 70 (1942)).

Based on the facts and filings submitted by both parties, the Court finds that there was no conflict of interest as counsel only represented Petitioner. In Petitioner's Memorandum accompanying her Motion, she states, "Mr. Jason Alan Dunn had a conflict of interest because, while representing Cooper, . . ." and the statement is incomplete. ECF No. 712 at 18. The Court is mindful that Petitioner is proceeding in this matter *pro se* and is entitled to have her pleadings "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even with a liberal construction of Petitioner's claims she fails to demonstrate how counsel actively represented conflicting interests. This was not a case in which counsel represented multiple defendants, thus Petitioner's claim fails. As such, here, there was no violation of her Sixth Amendment rights and she is not entitled to automatic reversal.

Nevertheless, because the Court finds that there was no conflict of interest, it will apply the test articulated in *Strickland* to analyze Petitioner's ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668 (1984). In her Motion, Petitioner lists several deficiencies that she claims her attorney committed including failure to: raise the issues

Petitioner wanted raised, subject the government's case to meaningful adversarial testing, and conduct a defense on her behalf. ECF No. 712 at 4. Petitioner also lists a myriad of other allegations. The Court finds that all of Petitioner's allegations lack merit and do not meet the *Strickland* standard. Thus, Petitioner's claim must fail.

To prove a claim of ineffective assistance of counsel, Petitioner must make two showings. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Petitioner must show that counsel's performance was deficient. *Id.* In other words, counsel's errors must have been so serious that he or she was not actually functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* In order to demonstrate deficient performance, Petitioner must show "that counsel's representation fell below an objective standard of reasonableness" under the prevailing norms of the legal community. *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. That presumption is even greater when counsel's decisions represent strategic, tactical decisions requiring "assessment and balancing of perceived benefits against perceived risks." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). A petitioner bears the burden of rebutting this presumption. *Strickland*, 466 U.S. at 689.

Second, Petitioner must show that the deficient performance prejudiced the defense. *Id.* at 687. In other words, counsel's errors must have been so serious that the petitioner was deprived of a fair trial with a reliable result. *Id.* To demonstrate prejudice, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Supreme Court defined a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.* In short,

"[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Further, in the case of a petitioner claiming ineffective assistance of counsel during the plea bargaining process, the second requirement of the *Strickland* test demands that the petitioner "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Here, Petitioner fails to satisfy either prong.

**1. Performance**

"Conclusory allegations contained in a § 2255 Motion may be disposed of without further investigation by the District Court. *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (internal quotation marks omitted); *Nickerson v. Lee*, 917 F.2d 1125, 1136 (4th Cir. 1992) (providing that conclusory allegations, without factual proof, are insufficient to require an evidentiary hearing), *overruled on other grounds* by *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996). Beyond Petitioner's own conclusory statements, Petitioner fails to show how counsel's performance was deficient. Petitioner alleges that there was a "breakdown in communication" between her and counsel which caused counsel to inadequately represent her. ECF No. 712 at 21. However, this statement is belied by the record.

> During the plea colloquy, Petitioner made the following statements regarding counsel:
>
> **THE COURT:** You are here with Mr. Dunn. Have you had sufficient time to speak with Mr. Dunn about this plea this morning?
> **PETITIONER:** Yes, sir.
>
> **THE COURT:** Are you satisfied with the advice and counsel that you're receiving?
> **PETITIONER:** Yes, sir, I am.

6

*See* Tr. Guilty Plea at 3.

In light of Petitioner's sworn statements, the Court is unpersuaded that Petitioner was unsatisfied with the advice and representation of counsel.

Petitioner further alleges that counsel failed to subject the government's case to a meaningful adversarial testing and conduct a defense on her behalf, amounting to abandonment. ECF No. 712 at 4. On the contrary, counsel filed several pretrial motions, including a successful motion to suppress. ECF No. 806. Further, in his sworn affidavit, counsel describes how he spent over forty hours reviewing discovery and how he made himself available through meetings, telephone, and e-mail correspondence. *Id.* Counsel also successfully obtained a favorable plea offer, limiting Petitioner's exposure to only four years of incarceration. *Id.* Thus, in the Court's view, it is difficult to imagine what else counsel could have done to advocate for Petitioner.

Petitioner also argues that counsel's investigation with respect to "investigating the facts of the case" was deficient. ECF No. 712 at 19. For instance, Petitioner states that counsel failed to "provide documentation as requested by Petitioner" and that the Statement of Facts was "dishonest" because she was "unaware of the products containing illegal substances or analogues of such at the time." *Id.* at 18, 36. Petitioner further contends that there was no "consultation . . . about the actual facts of her case," including "where there was exculpatory evidence that only Cooper may have known about." *Id.* at 21. However, the Court finds that Petitioner's assertions squarely contradict her own statements made under oath as well as her affirmation and adoption of the plea agreement and the statement of facts therein.

During the plea colloquy, Petitioner made the following statements under oath:

**THE COURT:** With the knowledge of what the Court has said to you up to this point, the question becomes: How do you plead to the charge, Count 20?
**PETITIONER:** Guilty, your Honor.

7

> THE COURT: It's not enough that you say you're guilty; the Court has to have a background of factual basis to support your plea of guilty. The Court has a four-page – five page statement here, appears to be signed by you. Did you sign this on page five?
> PETITIONER: Yes, sir, I did.
>
> THE COURT: Did you likewise initial each page?
> PETITIONER: Yes, sir, I did.
>
> THE COURT: Is this Statement of Facts a correct indication of what you did in committing this crime?
> PETITIONER: Yes, sir.
>
> THE COURT: Do you understand that the Statement of Facts will be used to help the Court determine what your sentence will ultimately be? Because these facts will go into the Presentence Report.
> PETITIONER: Yes, sir.
>
> THE COURT: And do you further understand you will be bound by this Statement of Facts and you won't be able to come back and dispute these facts at sentencing?
> PETITIONER: Yes, I do.

*See* Tr. Guilty Plea at 13-14.

It is well-established that a defendant's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Here, Petitioner admitted her conduct at the time of her plea and will be bound by her sworn statements. The facts supporting her plea were set forth in the Statement of Facts, which was signed and filed in open court. ECF 307. Above all, Petitioner stipulated that the Statement of Facts was "true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt by admissible evidence[.]" *Id.* at 1. Further, Petitioner acknowledged that she understood she would be bound by the Statement of Facts and could not dispute these facts at sentencing. *See* Tr. Guilty Plea at 13. Likewise, Petitioner's claim that counsel allowed her to be sentenced based on an inaccurate Presentence Report and did not provide documentation to dispute the facts therein is irrelevant in light of her guilty plea. Based on these facts, Petitioner

8

has done nothing to undermine the Court's confidence in counsel's representation of Petitioner. Consequently, the Petitioner has not shown deficient performance under *Strickland*.

## 2. Prejudice

The second prong of *Strickland* requires Petitioner to show prejudice. Here, Petitioner fails to meet her burden to demonstrate that even if there were counsel errors, those errors were "so serious that the petitioner was deprived of a fair trial with a reliable result," *Strickland v. Washington*, 466 U.S. 668, 687. Petitioner similarly fails to demonstrate that there was "a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988), *cert. denied*, 488 U.S. 843.

According to both the Government's Response and counsel's sworn affidavit, counsel was able to negotiate a plea agreement, which limited Cooper's sentencing exposure to only four years and the three remaining counts of the pending indictment were dismissed. ECF No. 812 at 8 & ECF 806 at 1. In the absence of this plea offer, Petitioner's advisory sentencing guidelines range would have been 235 to 293 months of incarceration or 19 to 24 years. It is clear from the record that the government did not offer a more favorable plea agreement and Petitioner cannot show that a more favorable plea agreement would have been offered later. Tr. Guilty Plea at 4-5.

Further, in evaluating a post-guilty plea claim of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel—typically in a Rule 11 proceeding—are binding on the defendant absent "clear and convincing evidence to the contrary." *Fields v. Attorney General of Maryland*, 956 F.2d 1290, 1294-99 (4th Cir. 1992), *cert denied*, 506 U.S. 885 (1992). Here, Petitioner fails to offer clear and convincing evidence that absent counsel's alleged errors, she would have insisted on going to trial. The plea colloquy

illustrates that Petitioner made a knowing and voluntary decision to enter a guilty plea and not proceed to trial.

>To ensure the voluntariness of her plea, the Court asked the following:
>
>**THE COURT:** Has anyone forced you to enter into this Plea Agreement?
>**PETITIONER:** No, sir.
>
>**THE COURT:** So this is your idea?
>**PETITIONER:** Yes, sir.
>
>**THE COURT:** Do you have any questions about what you're pleading guilty to this morning?
>**PETITIONER:** No, sir.

*See* Tr. Guilty Plea at 5-6.

The Court also informed Petitioner that by pleading guilty, she waived certain rights, including the right to trial:

>**THE COURT:** Now, Ms. Cooper, if you persist in your plea, there will be no jury trial, which means you can't exercise some of these rights we covered. Do you understand this?
>**PETITIONER:** Yes, sir, I do.
>
>**THE COURT:** Now, have you and Mr. Dunn had a thorough discussion about your decision to give up going to trial?
>**PETITIONER:** Yes, sir.

*See* Tr. Guilty Plea at 9-10.

The plea colloquy illustrates that Petitioner was informed of the consequences of entering a guilty plea. Moreover, the Court is not convinced that Petitioner suffered any prejudice after knowingly and voluntarily choosing not to go to trial. Thus, the Court finds that Petitioner has failed to meet the second prong under *Strickland* and cannot prevail on her claim.

Further, any dispute Petitioner has with his counsel regarding the effectiveness of his representation is resolved by the record. Therefore, the Court finds a hearing on Petitioner's ineffective assistance of counsel claim is unnecessary.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that it is clear from the pleadings and filings that Petitioner is not entitled to relief. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct her Sentence, pursuant to 28 U.S.C. § 2255, is **DENIED**.

Pursuant to Federal Rule of Appellate Procedure 22(b)(1), this Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner has not set forth a specific issue that demonstrates a substantial showing of a denial of a constitutional right. Because Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, a Certificate of Appealability is **DENIED**. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
March 28, 2018

Raymond A. Jackson
United States District Judge